L. Royal Fisher
DCC #290219
1181 Paddock Rd.
Smyrna, DE. 19977

April 12, 2005

Office Of The Clerk
U.S.D. Courthouse
Lock Box 18
844 King St.
Wilmington, DE. 19801

Re: <u>Fisher v. Carroll, Civ Act.#04-206-JJF</u>

Dear Mr. Dalleo:

Please find enclosed copies of the following documents:

1. Letter to the Custodian of Record dated 4/12/05 requesting documents under the State's Freedom Of Information Act.

2. A letter from the State of New Jersey adated 4/1/005 granting my request for documents pertaining to my transfer from the custody of Del

3. The Parole Process in N.J.

These documents are germane to the pending Habeas Corpus and the issues set forth therein. Would you make these documents part of the records in the above captioned matter? Thank you.

Respectfylly yours,

L. Royal Fisher

L. Royal Fisher
D.C.C. #290219
1181 Paddock Rd.
Smyrna, DE. 19977

April 12, 2005

Custodian Of Records
Dept. Of Corr. /Del.
245 McKee Roard
Dover, Del. 19904

RE: Lee Royal Fisher, SBI#290219
    Freedom Of Information Act

Dear Cutodian Of Records:

This come to request the following records under the State's Freedom Of Information Act Title 29 Ch.100 §10002 and §10005. The records are:

1. Copies of any and all warrants issued or filed against me in the year of 1993

2. Copies of any and all Parole and/or Probation violation filed against me in 1993 by the State of N.J. D.O.C.

3. Any and all communications between the States of Delaware and New Jersey regarding my return or transfer to N.J. from Del in 1993

4. Any and all communications between the states of N.J. and Del requesting my return to Del from N.J. between the years of 1993 through 2000.

5. Copies of all signed discharged papers discharging me from the custody of N.J. to the custody of Del in 2000.

6. Copies of my Interstate Correctional Compact Agreement I signed in 1993 to be transferred to Del.

7. And any and all documents pertanining to my my Interstate transfers between the states of N.J. and Del in the years of 1993 and 2000.

These records (documents) are germane to my pending Federal Hab. I make this request under §10002(13) and §10005(a)(b)(e) of Title 29 Chapter 100 of the States' Freedom Of Information Act. Your consideration in this request will be most appreciated. Thank you.

FREEDOM OF INFORMATION ACT Request Continues.

                                        Respectfully Yours,

                                        L. Royal Fisher
                                        D.C.C. #290219
                                        1181 Padock Rd.
                                        Smyrna, Del. 19977

cc: U.S. District Court - District of Delaware



# State of New Jersey
DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
PO BOX 863
TRENTON NJ 08625-0863

RICHARD J. CODEY
*Acting Governor*

DEVON BROWN
*Commissioner*

April 01, 2005

Lee R Fisher, SBI#:290219
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: OPRA Request - Tracking # 1840

Dear Mr. Fisher,

The Department of Corrections has received your Government Records Request. Your request has been assigned Request ID No. 1840 for tracking purposes. You have incurred a copying fee of $8.00 for the records you requested. Upon payment of the copying fees, the record(s) will be provided to you. All payments must be made by check or money order payable to *State of New Jersey*.

Very truly yours,

David Hardrick
OPRA Liaison

Mail To:
Central Reception and Assignment Facility
Attn: OPRA
PO BOX 7450
Trenton, NJ 08628

*New Jersey Is An Equal Opportunity Employer • Printed on Recycled and Recyclable Paper*

A BRIEF OVERVIEW

OF

THE PAROLE PROCESS

IN

NEW JERSEY

FEBRUARY, 2002

TABLE OF CONTENTS

|      |    |                                                                      | Page |
|------|----|----------------------------------------------------------------------|------|
| I.   |    | Parole Process......................................................................... | 1 |
|      | A. | Parole Act and Parole Board................................................... | 1 |
|      | B. | Release Standard and Hearings - Adult and Young Adult Inmates...... | 1 |
|      | C. | Sex Offenders........................................................................... | 3 |
|      | D. | County Inmates....................................................................... | 3 |
|      | E. | Juvenile Inmates..................................................................... | 4 |
|      | F. | Victim Input............................................................................. | 4 |
|      | G. | Parole Revocation Process...................................................... | 5 |
| II.  |    | Factors Considered at Parole Hearings.................................................... | 7 |
| III. |    | Parole Eligibility............................................................................... | 9 |
|      | A. | Adult (State Prison) Inmates.................................................... | 9 |
|      | B. | Young Adult (Youth Complex) Inmates.................................... | 12 |

I. PAROLE PROCESS

A.  Parole Act and Parole Board

The Parole Act of 1948 (N.J.S.A. 30:4-123.1 to 123.44) was repealed April 21, 1980 and replaced with the Parole Act of 1979 (N.J.S.A. 30:4-123.45 to 123.69) which is administratively implemented through N.J.A.C. 10A:71-1 to 10A:71-8.

The 1979 Legislation, which was crafted to compliment the new 2C Criminal Code, created a seven-member full-time Parole Board. In January, 1988, Board membership was expanded to nine full-time members. In December, 1997 Board membership was expanded to include one alternate Board Member. In June, 1999, Board membership was expanded to eleven full-time members. In July, 2001 Board membership was expanded to fifteen full-time members and three alternate Board Members. The Board is now comprised of a Chairperson, twelve associate members who are assigned to panels to review adult and young adult offender cases, two associate members assigned to a panel to review juvenile offender cases and three alternate members.

In July, 1982 the Board's responsibility was expanded to include parole consideration for offenders committed to county jails for terms in excess of sixty days.

The Board is an autonomous agency responsible for the determination of whether and under what conditions inmates subject to its jurisdiction may be released on or returned from parole status. The significant characteristic of the new parole legislative scheme is the exclusive assignment to the judiciary for the establishment of a punitive aspect for each sentence. Parole eligibility exists only after this punitive aspect has been satisfied.

B.  Release Standard and Hearings - Adult and Young Adult Inmates

The Parole Act of 1948 authorized parole only if the Board found "a reasonable probability" that the inmate "will assume his proper and rightful place in society, without violation of the law, and that his release is not incompatible with the welfare of society." N.J.S.A. 30:4-123.14. In contrast, the Parole Act of 1979 provides that an adult inmate shall be released at parole eligibility unless it is demonstrated "by a preponderance of the evidence that there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released." N.J.S.A. 30:4-123.53(a). On August 19, 1997, N.J.S.A. 30:4-123.53(a) was amended to reflect that an adult inmate shall be released on parole at the time of parole eligibility unless it is demonstrated "by a preponderance of the evidence that the inmate has failed to cooperate in his or her own rehabilitation or that there is a reasonable expectation that the inmate will violate conditions of parole" if released on parole.

Notice of parole consideration of adult and young adult inmates must be given at least thirty days prior to parole consideration by the Board to the appropriate prosecutor's office, the sentencing court, the Office of the Attorney General, any other criminal justice agencies whose information and comment may be relevant, and news organizations. N.J.S.A. 30:4-123.45(b)5. These parties must be given the opportunity to participate in parole hearings and bring information relevant to the parole consideration of the inmate to the attention of the Board. In Re Trantino Parole Application, 89 N.J. 347 (1982). The Board has developed an informational hearing process during which an interested party, e.g. a prosecutor, who has requested to participate in the parole process, may submit evidence, give testimony, examine witnesses and present argument on all matters directly relevant to the parole of the inmate. N.J.A.C. 10A:71-3.49.

At least 120 days but no more than 180 days prior to the parole eligibility date of an adult or young adult inmate, a report concerning the inmate must be filed with the appropriate Board panel by the staff members designated by the administrator or chief executive officer of the institution in which the inmate is confined. N.J.S.A. 30:4-123.54(a). The report must contain the pre-incarceration records of the inmate, state the conduct of the inmate during current period of confinement, include a complete report on the inmate's social, physical and mental condition, include an investigation by the Division of Parole of the inmate's parole plans, and present information bearing upon the likelihood that the inmate will commit a crime under the laws of this State if released on parole. N.J.S.A. 30:4-123.54(b).

On August 19, 1997, N.J.S.A. 30:4-123.54(b) was amended. The report to be filed with the appropriate

1

Board panel shall contain preincarceration records of the inmate including any history of civil commitment, any disposition which arose out of any charges suspended pursuant to N.J.S.A. 2C:4-6 including records of the disposition of those charges and any acquittals by reason of insanity pursuant to N.J.S.A. 2C:4-1. The preincarceration records of the inmate contained in the report shall include any psychological evaluation reports prepared in connection with any court proceeding. The report shall also include a complete psychological evaluation of the inmate in any case in which the inmate was convicted of a first or second degree crime involving violence and (1) the inmate has a prior acquittal by reason of insanity pursuant to N.J.S.A. 2C:4-1 or had charges suspended pursuant to N.J.S.A. 2C:4-6; or (2) the inmate has a prior conviction for murder pursuant to N.J.S.A. 2C:11-3, aggravated sexual assault or sexual assault pursuant to N.J.S.A. 2C:14-2, kidnapping pursuant to N.J.S.A. 2C:13-1, endangering the welfare of a child which would constitute a crime of the second degree pursuant to N.J.S.A. 2C:24-4 or stalking which would constitute a crime of the third degree pursuant to N.J.S.A. 2C:12-10; or (3) the inmate has a prior diagnosis of psychosis. The inmate shall disclose any information concerning any history of civil commitment.

On August 19, 1997, N.J.S.A. 30:4-123.52 was amended to require that an objective risk assessment be performed by Board staff prior to the parole eligibility date of each adult inmate. The risk assessment is to consist of both static and dynamic factors which may assist the Board panel in determining whether the inmate shall be certified for parole and, if paroled, the level of supervision the parolee may require. In addition to the information otherwise gathered for and incorporated by the pre-parole report, the assessment is to include evaluations of the inmate's ability to function independently, the inmate's educational and employment background, the inmate's family and marital history, and such other information and factors as the Board may deem appropriate and necessary. The requirement for the utilization of an objective risk assessment became effective February 1, 1998.

Prior to the parole eligibility date of each adult or young adult inmate, a designated hearing officer must review the reports submitted pursuant to N.J.S.A. 30:4-123.54 and must determine whether there is a basis for denial of parole in the reports or the inmate's statements, or an indication, reduced to writing, that additional information providing a basis for denial of parole would be developed or produced at a hearing. If the hearing officer determines that there is no basis to deny parole or that there is no additional relevant information to be developed or produced, the hearing officer recommends in writing to the assigned members of the Board panel that parole release be granted. N.J.S.A. 30:4-123.55(a). If the assigned members of the Board panel concur in the hearing officer's recommendation, the Board members will certify release as soon as practicable after the inmate's parole eligibility date. N.J.S.A. 30:4-123.55(b), N.J.A.C. 10A:71-3.16. If an offender is serving a sentence for the crime of murder, aggravated manslaughter, manslaughter, death by vehicular homicide, aggravated assault second degree, kidnapping, aggravated sexual assault, sexual assault, robbery, aggravated arson, burglary second degree, endangering the welfare of a child second degree or causing or risking widespread injury or damage second degree, the offender's case must be referred for a hearing before a panel of Board members. N.J.A.C. 10A:71-3.15(b).

If the hearing officer or the Board member(s) determines that there is a basis for the denial of parole or that a hearing before a panel of Board members is otherwise necessary, the inmate is notified in writing of this determination. A hearing is then conducted by the appropriate Board panel. This hearing is scheduled as soon as administratively feasible and at least thirty days prior to the eligibility date. At the hearing, which is informal, the Board panel receives as evidence any relevant and reliable documents or testimony. N.J.S.A. 30:4-123.55(c). All such evidence not classified as confidential pursuant to the rules and regulations of the Board or the Department of Corrections is released to the inmate. The inmate is permitted to rebut the evidence or to present evidence on his own behalf. The decision of the Board panel is based solely on the evidence presented at the hearing. N.J.S.A. 30:4-123.55(c).

At the conclusion of this parole consideration hearing, the Board panel either certifies parole release or denies parole and files with the Board and the inmate within thirty days a statement setting forth the reasons for that decision. N.J.S.A. 30:4-123.55(d).

If parole is denied, the Board panel must establish a future parole eligibility date pursuant to a schedule developed by the Board and must notify the inmate in its statement of the date of future parole consideration. The future parole eligibility date shall take into account usual remissions of sentence for good behavior and diligent application to work and other assignments. N.J.S.A. 30:4-123.56(a), (b). On August 19, 1997, N.J.S.A. 30:4-123.56(b) was amended to reflect that the future parole eligibility date is not to be altered by credits for good behavior, diligent application to work or other assignments. This provision applies

2

to the cases of offenders who are serving sentences for the commission of offenses on or after August 19, 1997. When the inmate is again within six months of his new parole eligibility date, the parole process begins anew. An inmate shall be released on parole on the new parole eligibility date unless information indicates by a preponderance of the evidence that there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time. N.J.S.A. 30:4-123.56(c). (See above for amendment to parole standard which became effective August 19, 1997.)

Effective June 29, 1989, N.J.S.A. 30:4-123.55(f) required that an inmate incarcerated for murder may only be certified for parole release upon the majority vote of the full Board, after the conducting of a hearing. However, N.J.S.A. 30:4-123.55(f) does not apply to an inmate previously paroled on the offense of murder and subsequently confined for violation of parole.

Upon a Board panel or the Board issuing a decision, a copy of the decision is provided to the inmate, the Department of Corrections and the Prosecutor for the county from which the inmate was committed. N.J.A.C. 10A:71-3.18(e), N.J.A.C. 10A:71-3.20(d). Further, a victim or the nearest relative of a murder/manslaughter victim who has submitted a written statement for the parole report or testified at a hearing shall be notified by the Board panel or the Board of the decision rendered. N.J.A.C. 10A:71-3.48(r).

C. Sex Offenders

An offender sentenced to a term to be served in the Adult Diagnostic and Treatment Center becomes primarily eligible for parole upon recommendation by the Special Classification Review Board pursuant to N.J.S.A. 2C:47-5(a) except that no such offender shall become eligible prior to the expiration of any mandatory or fixed minimum term. N.J.S.A. 30:4-123.51(e). The offender, upon being recommended for parole, shall be released on parole when the Board is satisfied that the offender is capable of making an acceptable social adjustment in the community. If the offender is paroled, he is subject to the statutes governing parole and the regulations of the Board. N.J.S.A. 2C:47-5(c).

On August 12, 1998, N.J.S.A. 2C:47-5(a) was amended to reflect that the offender shall be released on parole unless the Board determines by the preponderance of the evidence that the offender has failed to cooperate in his or her own rehabilitation or that there is a reasonable expectation that the offender will violate conditions of parole if released on parole. The amendment to N.J.S.A. 2C:47-5(a) became effective December 1, 1998.

An offender committed to the Adult Diagnostic and Treatment Center, upon being recommended for parole by the Special Classification Review Board, appears directly before an adult Board panel. If parole is granted, a release date is established. If parole is denied, the panel issues only a statement pursuant to N.J.S.A. 30:4-123.55(d). No future parole eligibility term is established. The offender cannot be considered for parole until again so recommended by the Special Classification Review Board.

D. County Inmates

In July, 1982, the Legislature amended the Parole Act of 1979 to provide the Board with parole jurisdiction over all inmates sentenced to a county jail term exceeding sixty days. Specifically, the amendment provides that any inmate sentenced to a term of incarceration in a county jail facility shall become eligible for parole after completion of sixty days or one-third of the sentence imposed less credits, which ever is greater. N.J.S.A. 30:4-123.51(g).

The parole process for county jail inmates is basically the same as the parole process for adult and young adult inmates. However, in regards to public notice of parole eligibility, notice is to be provided by the sentencing court rather than the Board if the parole eligibility date is within six months from the date of sentence. N.J.S.A. 30:4-123.51(g). Further, if a county jail inmates case is referred for a panel hearing, that panel may be composed of any two members of the Board or any one member and one hearing officer so as to assure the efficient functioning of the Board. N.J.S.A. 30:4-123.49(a).

E. Juvenile Inmates

A juvenile inmate sentenced to a term of incarceration is immediately eligible for parole. N.J.S.A. 30:4-123.51(f). A juvenile inmate shall be released on parole when it shall appear that the juvenile, if released,

3

will not cause injury to persons or substantial injury to property. N.J.S.A. 30:4-123.53(b).

An assigned member of the juvenile Board panel or a designated hearing officer reviews periodically, but not less than quarterly, the case of each juvenile inmate to determine whether the release should be granted pursuant to N.J.S.A. 30:4-123.53(b). The review includes a personal interview of the juvenile by the assigned member or the designated hearing officer and prior to such review all documents relevant to the case, except documents classified confidential, are explained to the juvenile. If the review is conducted by a hearing officer, the hearing officer at the conclusion of the review recommends in writing any appropriate action to an assigned member of the juvenile Board panel.

At the conclusion of the review, the assigned Board member either certifies parole release of the juvenile as soon as practicable or files with the Board a statement setting forth the decision of the member. N.J.S.A. 30:4-123.57(d). A copy of the statement is served upon the juvenile, the juvenile's parents or guardians, the court and the prosecutor.

The juvenile Board panel reviews yearly the case of each juvenile confined to determine the reasons for the continued confinement of the juvenile. N.J.S.A. 30:4-123.57(e). A copy of the report of such review is forwarded to the Juvenile Justice Commission, the court, the prosecutor, the juvenile and the juvenile's parents or guardians.

On January 1, 1994 the New Jersey Code of Juvenile Justice (N.J.S.A. 2A:4A-20 et seq.) became effective. A juvenile inmate committed by the Family Court to a term of incarceration pursuant to N.J.S.A. 2A:4A-44(d)1 shall remain confined until released on parole by the Board. However, if a juvenile is approved for parole prior to serving one-third of any term imposed for any crime of the first, second or third degree, including any extended term imposed pursuant to N.J.S.A. 2A:4A-44(d)3, 4 or one-fourth of any term imposed for any other crime, the granting of parole is subject to the approval of the sentencing court. N.J.S.A. 2A:4A-44(d)2. Prior to approving parole, the court must give the prosecuting attorney notice and an opportunity to be heard. If the court denies the parole of a juvenile it states its reasons in writing and notifies the Board, the juvenile and the juvenile's attorney. The court has thirty days from the date of notice of the pending parole to exercise the authority to review the parole release of the juvenile. If the court does not respond within that time period, the parole is deemed approved. N.J.S.A. 2A:4A-44(d)2.

F.  Victim Input

Effective July 11, 1984, at the time of sentencing of an offender, the county prosecutor is required to notify any victim injured as a result of a crime of the first or second degree or the nearest relative of a murder victim of the opportunity to present a statement to be included with the parole reports considered at the parole hearing or to testify to the Parole Board concerning his harm at the time of the parole hearing. Each victim or relative is responsible for notifying the Board of the intention to submit such a statement and to provide an appropriate mailing address. N.J.S.A. 30:4-123.54(b).

The statement of the victim or the nearest relative of a murder victim may advise of the continuing nature and extent of any physical harm or psychological or emotional harm or trauma suffered by the victim, the extent of any loss of earnings or ability to work suffered by the victim and the continuing effect of the crime upon the victim's family. At the time public notice is given that an inmate is being considered for parole, the Board is also required to notify any victim or nearest relative who has previously contacted the Board of the ability to provide a statement for inclusion in the parole report or to present testimony at the parole hearing. N.J.S.A. 30A:4-123.54(b).

Effective July 23, 1992 the victim or the victim's nearest relative, if the crime was murder, has the right to testify in person before the Board panel that will conduct the inmate's parole hearing. If the victim or the victim's nearest relative chooses not to testify personally at the Board panel hearing, the victim or relative may elect to present testimony to a senior hearing officer designated by the Board panel. If a hearing is conducted by a senior hearing officer, the senior hearing officer is required to prepare a report or a transcript of the testimony which is reviewed by the witness prior to presentation to the Board panel for consideration at the hearing. N.J.S.A. 30:4-123.55(c).

If a full Board hearing is conducted in the case of an inmate incarcerated for murder, the Board shall notify the victim's family of the hearing and family members shall be afforded the opportunity to testify in person or

4

to submit written statements. N.J.S.A. 30:4-123.55(f).

Effective December 29, 1999, the victim or the nearest relative of a murder victim may submit a videotaped statement for inclusion in the reports to be considered at a parole hearing or to have the testimony they present to a senior hearing officer videotaped for presentation at a parole hearing.

G.  Parole Revocation Process

Any parolee who has seriously or persistently violated the conditions of parole may have that parole revoked and may be returned to custody. However, the Board cannot revoke parole on the basis of new offenses which have not resulted in a disposition at the trial level except that upon application by the prosecuting authority, the Director of the Division of Parole or, in cases of juvenile parolees, the Juvenile Justice Commission, a Board panel may authorize the detention of the parolee and commence revocation proceedings when it is determined that the new charges are of a serious nature, and it appears that the parolee otherwise poses a danger to public safety. N.J.S.A. 30:4-123.60(a), N.J.A.C. 10A:71-7.3(d). In such case, a parolee is informed that, if he testifies at the revocation proceedings, his testimony and the evidence derived therefrom shall not be used against him in a subsequent criminal prosecution. N.J.S.A. 30:4-123.60(b). Any parolee who is convicted of a crime committed while on parole shall have his parole revoked and shall be returned to custody unless it is demonstrated at a final parole revocation hearing by clear and convincing evidence that good cause exists why the parolee should not be returned to confinement. N.J.S.A. 30:4-123.60(c).

If a parole officer has probable cause to believe that the parolee has violated a condition of parole, and this violation is the basis for return to custody, a designated representative of the Chairman may issue a warrant for the arrest of the parolee if evidence indicates that the parolee may not appear at the preliminary hearing or if the parolee poses a danger to public safety. A parolee being held in custody on a parole warrant is not entitled to release on bail. N.J.S.A. 30:4-123.62(a).

A parolee retaken under a parole warrant must receive a preliminary hearing within fourteen days unless a postponement is granted. The purpose of the preliminary hearing is to determine whether there is probable cause to believe that the parolee violated a condition of parole and whether revocation and return to custody is desirable. Prior to the preliminary hearing, the parolee receives written notice of the hearing, the conditions of parole alleged to have been violated, and his rights at the hearing, including the right to be represented by and provided with an attorney. N.J.S.A. 30:4-123.62(c). Upon the conclusion of the preliminary hearing, the hearing officer must determine, if probable cause is found, whether the parolee shall be retained in custody or released on specific conditions pending review by the appropriate Board panel.

Following the preliminary hearing, the parolee's case is reviewed and a determination made as to whether a revocation hearing is to be conducted. If a revocation hearing is to be conducted, a hearing officer will be designated and the hearing will be conducted within sixty days after the parolee is taken into custody as a parole violator, unless the parolee or hearing officer request a postponement of the hearing. Prior to the hearing, the parolee receives written notice of the hearing, the conditions of parole alleged to have been violated, and his rights at the hearing, including his right to be represented by assigned counsel, if the parolee is indigent, or a private attorney. Upon the conclusion of the hearing, if there is clear and convincing evidence that the parolee has violated his parole and if revocation is desirable, the appropriate Board panel may revoke parole and return the parolee to or continue the parolee in custody for a specified length of time, release the parolee and modify the conditions of parole or continue parole and release the parolee. N.J.S.A. 30:4-123.63(d). In the cases of certain parolees, the appropriate Board panel upon revoking parole may establish a new parole date on which the parolee is to be released from confinement. N.J.A.C. 10A:71-7.16B(a)2. The decision of the appropriate Board panel is to be rendered in writing within twenty-one days of the revocation hearing.

The Board has developed a schedule of future parole eligibility dates for parole violators and upon revoking parole with a return to custody, the appropriate Board panel establishes a future parole eligibility date in accordance with the schedule. A future parole eligibility date for a parole violator returned to custody for reasons other than new criminal charges may not be set more than one full year from the date of the parolee's return to custody. N.J.S.A. 30:4-123.64(b). Any parole violator ordered confined for commission of a crime while on parole must serve at least six months or that portion of the custody term remaining,

whichever is less, before parole release can be considered. N.J.S.A. 30:4-123.64(c).

A parole violator's maximum date will be adjusted for the time period from the date a parole warrant was issued for his apprehension to the date the parolee was arrested. N.J.S.A. 30:4-123.65. In the case of a county inmate who has violated his parole status, he shall receive no credit from the date of his release from custody on parole status. Additionally, a county inmate who has violated his parole status is ineligible for parole consideration on the balance of his original county jail sentence. N.J.S.A. 30:4-123.51(a).

Effective January 12, 1984, N.J.S.A. 2C:44-5(c) was amended to require that a term of imprisonment imposed for the commission of an offense by the defendant while on parole status and any period of reimprisonment that the Board may require the defendant to serve upon revocation of parole shall run consecutively unless the sentencing court specifically orders the term of imprisonment to run concurrently. Prior to the amendment of N.J.S.A. 2C:44-5(c), a sentence imposed for an offense committed while the defendant was on parole status and any parole violation term imposed by the Board were to run concurrently unless the sentencing court specifically ordered the terms to run consecutively.

## II. FACTORS CONSIDERED AT PAROLE HEARINGS

Parole decisions are based on the aggregate of all pertinent factors, including material supplied by the inmate and reports and material which may be submitted by any person or agencies which have knowledge of the inmate. The hearing officer and Board panel members in evaluating an inmate's case for parole consider the following factors:

1. Commission of a crime while incarcerated.

2. Commission of serious disciplinary infractions.

3. Nature and pattern of previous convictions.

4. Adjustment to previous probation, parole and incarceration.

5. Facts and circumstances of the offense.

6. Aggravating and mitigating factors surrounding the offense.

7. Pattern of less serious disciplinary infractions.

8. Participation in institutional programs which could have led to the improvement of problems diagnosed at admission or during incarceration. This includes, but is not limited to, participation in substance abuse programs, academic or vocational education programs, work assignments that provide on-the-job training and individual or group counseling.

9. Statements by institutional staff, with supporting documentation, that the inmate is likely to commit a crime if released.

10. Documented pattern of relationships with institutional staff or inmates.

11. Documented changes in attitude toward self or others.

12. Documentation reflecting personal goals, personal strengths or motivation for law-abiding behavior.

13. Mental and emotional health.

14. Parole plans and the investigation thereof.

15. Status of family or marital relationships at the time of eligibility.

16. Availability of community resources or support services for inmates who have a demonstrated need for same.

17. Statements by the inmate reflecting on the likelihood that he or she will commit another crime.

18. History of employment, education and military service.

19. Family and marital history.

20. Statement by the court reflecting the reasons for the sentence imposed.

21. Statements or evidence presented by the appropriate prosecutor's office, the Office of the Attorney General, or any other criminal justice agency.

22. Statement or testimony of any victim or the nearest relative(s) of a murder victim.

23. The results of an objective risk assessment instrument.

A hearing officer and Board panel members may consider any other factors deemed relevant and may move to secure

7

such additional information deemed necessary to ensure the rendering of an informed decision.

Case 1:04-cv-00206-JJF    Document 30    Filed 04/18/2005    Page 14 of 20

III. PAROLE ELIGIBILITY

A. Adult (State Prison) Inmates

Parole eligibility of state prison inmates sentenced under Title 2C is calculated pursuant to N.J.S.A. 30:4-123.51 which states, in part, that "each adult inmate sentenced to a specific term of years at the State Prison...shall be primarily eligible for parole after having served any judicial or statutory mandatory-minimum term, or one-third of the sentence imposed" (or, in the case of Life, twenty-five years where no mandatory-minimum has been imposed) "less commutation time for good behavior...and credits for diligent application to work and other institutional assignments...". In addition, no inmate sentenced to a specific term of years at the State Prison shall become eligible for parole until service of a full nine months of his aggregated sentence.

In computing parole eligibility, these several basic rules must be kept in mind.

1. Every custodial term imposed for an offense has a separate parole eligibility term. The Board is required to aggregate parole eligibility terms in order to compute a parole eligibility date on the inmate's aggregate sentence. N.J.S.A. 30:123-51(h).

2. A parole eligibility term on a concurrent sentence commences on the effective date that the sentence is imposed.

3. Commutation credits, pursuant to N.J.S.A. 30:4-123.51(a) and N.J.S.A. 30:4-140, are awarded on the balance of the parole eligibility term less county jail credits, i.e. the time served in custody from the date of arrest to the date of sentence, as granted by the sentencing court. For example, if an inmate is sentenced to a custodial term of ten years and is granted thirty days county jail credits, commutation credits would be awarded on three years, three months (the eligibility term of 3 years 4 months minus 30 days jail credit).

4. No state prison inmate serving a 2C sentence for a specific term of years can serve less than nine months of his aggregate sentence. No county inmate serving a 2C sentence can serve less than sixty days of his aggregate sentence before release on parole. This, of course, includes any jail credits awarded. N.J.S.A. 30:4-123.51(g).

5. Work credits are earned by the inmate at the rate of one work credit per every five days worked. Minimum credits are earned at the rate of three credits per month during the first twelve months on minimum security custody status and five credits per month thereafter. N.J.S.A. 30:4-92.

6. Consistent with the Code of Criminal Justice, commutation, work, and minimum custody credits shall not in any way reduce any judicial or statutory mandatory minimum term. N.J.S.A. 30:4-123.51(a).

Pursuant to N.J.S.A. 30:4-123.51(e) 1, an inmate sentenced for an offense specified in N.J.S.A. 2C:47-1 which was committed on or after December 1, 1998 becomes primarily eligible for parole as follows:

If the court finds that the inmate's conduct was not characterized by a pattern of repetitive, compulsive behavior or finds that the inmate is not amenable to sex offender treatment, or if after sentencing the Department of Corrections in its most recent examination determines that the inmate is not amenable to sex offender treatment, the inmate becomes primarily eligible for parole after having served any judicial or statutory mandatory minimum term or one-third of the sentence imposed where no mandatory minimum term has been imposed. Neither such term is reduced commutation time for good behavior pursuant to N.J.S.A. 30:4-140 or credits for diligent application to work and other institutional assignments pursuant to N.J.S.A. 30:4-92.

The following terminology is utilized by the Board in the calculation of parole eligibility dates:

Flat P.E.D.: Flat parole eligibility date refers to the eligibility term (i.e. one-third of the maximum, the mandatory-minimum or twenty-five years in the case of Life) added to the effective date of sentence less jail credits awarded pursuant to R. 3:21-8.

9

Book P.E.D.: Book parole eligibility date refers to the Flat P.E.D. less commutation credits applied pursuant to N.J.S.A. 30:4-140.

Actual P.E.D.: Actual parole eligibility date refers to the Book P.E.D. less credits earned for diligent application to work and other institutional assignments (minimum custody) pursuant to N.J.S.A. 30:4-92.

There are three basic parole eligibility date calculations that exist for Title 2C sentences, and the more complicated calculations are variations of these three basic types. They are as follows:

#1 A 2C state prison sentence (no mandatory-minimum term): one-third of the maximum (or twenty-five years if the sentence is Life) less jail credits, less commutation credits and less work and minimum custody credits.

| | | | |
|---|---|---|---|
| Example of #1: | Date of Sentence | : | 06/10/02 |
| | Term | : | 10 years |
| | Jail Credits | : | 61 days (04/11/02 to 06/10/02) |
| | Work Credits | : | 26 (as of 12/01/02) |
| | Minimum Credits | : | 9 (as of 12/01/02) |

Step #1: Begin the calculation on the date of sentence : 06/10/02

Step #2: Add 1/3 of the maximum sentence : + 4 mos. 3 yrs.

10/10/05

Step #3: Subtract the jail credits : - 61 dys.

Flat P.E.D. 08/10/05

Step #4: Ascertain and deduct commutation credit (268 C.T.) on 3 yrs. 2 mos. which reflects the period from 06/10/02 to 08/10/05 or 3 yrs. 4 mos. less 61 days jail credit : - 268 dys.

Book P.E.D. 11/15/04

Step #5: Subtract work and minimum custody credits, as reported to the Board by the Department of Corrections, from the Book P.E.D. : - 26 W.C.
- 9 M.C.

Actual P.E.D. (as of 12/01/00) 10/11/04

NOTE: In this example, it is assumed that the offender earned a total of 35 days work and minimum custody credits as of 12/01/02. Any work and minimum custody credits earned by the offender after 12/01/02 would further reduce the P.E.D. of 10/11/04.

10

#2  A 2C state prison sentence (with a mandatory-minimum term): mandatory-minimum term less jail credits.

|  |  |  |
|---|---|---|
| Example of #2 | Date of Sentence : | 06/10/02 |
|  | Term : | 10 years ( 5 years mandatory-minimum term) |
|  | Jail Credits : | 61 days (04/11/02 to 06/10/02) |
|  | Work Credits : | 26 (as of 12/01/02) |
|  | Minimum Credits : | 0 (as of 12/01/02) |

Step #1:   Begin the calculation
           on the date of sentence          :           06/10/02

Step #2:   Add the mandatory-minimum
           term                             :    +       5 yrs.

                                                        06/10/07

Step #3:   Subtract the jail credits        :    -       61 dys.

           Actual P.E.D.                               04/10/07

NOTE: Since the mandatory-minimum cannot be reduced by credits other then jail credits, the date of April 10, 2007 cannot be reduced any further and is deemed to be the actual parole eligibility date.

#3  A county jail sentence: one-third of the maximum less jail credits, less commutation credits, less work and minimum credits, or sixty days less jail credits, whichever is greater.

|  |  |  |
|---|---|---|
| Example of #3 | Date of Sentence : | 06/10/02 |
|  | Term : | 240 days |
|  | Jail Credits : | 15 days (05/26/02 to 06/10/02) |

Step #1:   Begin the calculation
           on the date of sentence          :           06/10/02

Step #2:   Add 1/3 of the maximum
           sentence                         :    +       80 dys.

                                                        08/29/02

Step #3:   Subtract the jail credits        :    -       15 dys

                                                        08/14/02

Step #4:   Award and deduct commutation
           credits on 2 mos. 5 days
           (80 days less 15 J.C.)           :    -       11

           Book P.E.D.                                  08/03/02

NOTE: Normally inmates can reduce their P.E.D. by working or maintaining reduced custody status. However, since all county inmates must serve at least sixty days, the inmate in the above example cannot reduce his P.E.D. below 07/25/02 which represents the sixty day restriction added to the date of sentence (06/10/02) less the fifteen jail credits awarded by the Court at sentencing.

11

Sixty-Day Restriction Calculation

|  |  |
|---|---|
|  | 06/10/02 |
| + | 60 dys (Restriction) |
|  | 08/09/02 |
| − | 15 J.C. |
| No earlier than | 07/25/02 (60 day restriction) |

Thus, because the sixty day restriction will not be satisfied until July 25, 2002, the inmate could not be released prior to this date.

B.  Young Adult (Youth Complex) Inmates

If an inmate is sentenced to an indeterminate term of years as a young adult offender pursuant to 2C:43-5, parole eligibility will be based upon an original time goal as established by the Parole Board less program participation credits reflecting the extent of the inmate's program participation and the level of progress achieved by the inmate.

The primary eligibility date is established by the Board based upon a schedule of presumptive primary eligibility terms (time goals). N.J.A.C. 10A:71-3.3(a). The Board, in establishing a time goal, may reduce the presumptive term by up to ten months based upon mitigating factors or may increase the presumptive term by up to ten months based upon aggravating factors. The Board may also establish a parole eligibility date outside the range if a date established within the range is clearly inappropriate.

Once the time goal is established, it is added to the commencement date of the sentence (usually the date of sentence) and any jail credit awarded pursuant to R. 3:21-8 is deducted. If the remaining period of time exceeds twenty-four months, the inmate is scheduled for an annual review (a review twelve months from the commencement date of the sentence). At this annual review, the level of program participation is determined and appropriate credits are awarded. If the remaining period of time is less than twenty-four months, the inmate is scheduled for a mid-goal review upon the expiration of one-half of this remaining period (at one-half of the time goal less the jail credits). At the mid-goal review, the level of the offender's program participation is determined. The Board may also grant or deny parole if the inmate's eligibility can be reduced by program participation credits to a date within six months of the hearing date.

The following examples reflect both a time goal which is less than twenty-four months and one which exceeds twenty-four months.

Example #1

Time Goal         :    20 months
Date of Sentence  :    06/10/02
Jail Credits      :    120 days (02/11/02 to 06/10/02)

| Step #1 Begin calculation on the date of sentence | : | 06/10/02 |
|---|---|---|
| Step #2 Add the time goal | : + | 20 mos. |
|  |  | 02/10/04 |
| Step #3 Subtract the jail credits | : − | 120 dys. |
| Tentative Release Date | : | 10/13/03 |
| Step #4 Schedule a mid-goal hearing at one-half the remaining term (one-half of the 20 months time goal less 4 months jail credit or 8 months) |  | Mid-Goal: 02/03 |

12

Example #2

| | | |
|---|---|---|
| Time Goal | : | 30 months |
| Date of Sentence | : | 06/10/02 |
| Jail Credits | : | 93 days (03/10/02 to 06/10/02) |

Step #1 Begin the calculation on
    the date of sentence    :        06/10/02

Step #2 Add the time goal   :    +       30 mos.

                                         12/10/04

Step #3 Subtract the jail
    credits                 :    -       93 dys.

    Tentative Release Date :         09/08/04

Step #4 Schedule an annual review
    one year from the date of
    sentence. (6/02 plus 1 yr.)       Annual Review: 06/03

NOTE:    (a) An additional concurrent or consecutive indeterminate term imposed during the service of an indeterminate term does not necessarily require additional time to be added to the already established time goal. State v. Carroll, 66 N.J. 558 (1975).

(b) At both an annual and a mid-goal hearing, the Board determines the level of the inmate's program participation and awards these credits in the following manner: for Above Average, 15 days per month; for Average, 10 days per month; for Below Average, 5 days per month; and for Poor no credit is awarded. The program participation credits will reduce the tentative release date (parole eligibility date).

13

R. Robert Wiles
#890219 UNIT C
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

Mr. Dallas, Clerk
U.S. District Court
844 King St. Lockbox 18
Wilmington, DE
19801

Legal Mail




Legal Mail