IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

L. ROYAL FISHER,                          :
                                          :
              Petitioner,                 :
                                          :
       v.                                 :    Civ. Act. No. 04-206-JJF
                                          :
THOMAS L. CARROLL, Warden, and            :
M. JANE BRADY, Attorney General,          :
                                          :
              Respondents.                :

_____

L. Royal Fisher.  <u>Pro</u> <u>Se</u> Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Attorney for Respondents.
_____

**<u>MEMORANDUM OPINION</u>**

June 29, 2005
Wilmington, Delaware

Farnan, Judge

## I.   INTRODUCTION

Petitioner L. Royal Fisher is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Presently before the Court is his Petition For A Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition"). (D.I. 1; D.I. 9; D.I. 11.)  For the reasons that follow, the Court will deny the Petition.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In February 1993, while Petitioner was serving a 40-45 New Jersey sentence, he was transferred from New Jersey to Delaware pursuant to the Interstate Corrections Compact and placed on work release.  Petitioner committed a robbery while in Delaware, and he was arrested on March 22, 1993.  On September 15, 1993, Petitioner pled guilty in the Delaware Superior Court to Robbery in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony.  The Delaware Superior Court sentenced him to a total of 10 years incarceration at Level V, to be followed by 6 months probation.

On September 30, 1993, Delaware authorities returned Petitioner to the custody of New Jersey for a determination of whether he had violated his New Jersey parole.  New Jersey determined that Petitioner had violated his New Jersey parole, and he remained in New Jersey's custody until his New Jersey

parole violation sentence expired on October 31, 2000.  On that date, Petitioner was transferred to Delaware to begin serving the Delaware sentence imposed in 1993.  See Fisher v. Carroll, 822 A.2d 396 (Table), 2003 WL 1747321 (Del. 2003)

In December 2002, Petitioner applied for state habeas corpus relief in the Delaware Superior Court.  He claimed that his return to New Jersey in 1993 violated the terms of his Delaware sentence and that his Delaware sentence should be credited for the time he was incarcerated in New Jersey.  The Delaware Superior Court denied the petition, and the Delaware Supreme Court affirmed the Superior Court's decision.  See Fisher, 2003 WL 1747321, at *1.

In April 2004, Petitioner filed a § 2254 Petition in this Court.  (D.I. 1.)  In May and June 2004, Petitioner filed two identical Amended § 2254 Petitions.[1]  (D.I. 9; D.I. 11.)  Reading the Petitions together, they assert four claims: (1) his 1993 Delaware sentence order required his Delaware sentence to be served prior to his New Jersey sentence, thus, the Delaware authorities violated the order by transferring him to New Jersey; (2) his 1993 Delaware order set September 15, 1993 as the

---

[1]Petitioner's May 2004 Amended Petition is handwritten, whereas his June Amended Petition is typed.  Otherwise, they are identical, both providing further explanations for Petitioner's habeas claims.  The Court will consider both the original Petition and the Amended Petitions in this habeas proceeding, and will refer to them as the Petition.

starting date for his Delaware sentence, thus, by transferring him to New Jersey and suspending the service of his Delaware sentence, the Delaware authorities have illegally extended his Delaware sentence; (3) by holding him beyond his specified 10 years of Delaware incarceration, Delaware is violating his right to be protected against Due Process and violating his right to Due Process; and (4) the Superior Court based its denial of his state habeas corpus petition on misinformation because Delaware did not return him to New Jersey for a parole violation.  (D.I. 11.)

Respondents filed an Answer to the Amended Petition, and Petitioner filed a Reply to the Answer.  (D.I. 19; D.I. 24.)  The Petition is ready for review.

## III.  GOVERNING LEGAL PRINCIPLES

### A.  The Antiterrorism And Effective Death Penalty Act Of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism."  Woodford v. Garceau, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted).  Pursuant to the AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

4

Generally, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

**B.    Exhaustion and Procedural Default**

Absent exceptional circumstances, a federal court cannot grant federal habeas relief unless the petitioner has exhausted all means of available relief under state law.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971).  The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45; Werts v. Vaughn, 228 F.3d 178,

192 (3d Cir. 2000); 28 U.S.C. § 2254(c)(A petitioner "shall not be deemed to have exhausted remedies available . . . if he has the right under the law of the state to raise, by any available procedure, the question presented"). To satisfy the exhaustion requirement, a petitioner must demonstrate that he "fairly presented" the habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); Coverdale v. Snyder, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004)(citing McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999)).

When a petitioner has not exhausted state remedies and state procedural rules prevent him from seeking further state court review of his unexhausted claims, a federal court will generally dismiss the unexhausted claims without prejudice in order to allow the petitioner to pursue his claims in state court. Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003). However, pursuant to 28 U.S.C. 2254(b)(2), a district court may reach the merits of an unexhausted claim, but only to deny federal habeas relief, not to

6

grant it. <u>Lines</u>, 208 F.3d at 159-60; <u>Lewis</u>, 348 F.3d at 357;
<u>Jones v. Morton</u>, 195 F.3d 153, 156 n.3 (3d Cir. 1999).

If state remedies are still available, but procedural rules
prevent the petitioner from seeking further relief in state
courts, then the federal court will excuse the petitioner's
failure to exhaust state remedies and treat the claims as
exhausted. <u>Lines</u>, 208 F.3d at 160; <u>Wenger v. Frank</u>, 266 F.3d
218, 223 (3d Cir. 2001); <u>see Teague v. Lane</u>, 489 U.S. 288, 297-98
(1989). Although deemed exhausted, such claims are still
procedurally defaulted. <u>Coleman v. Thompson</u>, 501 U.S. 722, 749
(1991); <u>Lines</u>, 208 F.3d at 160. A federal habeas court cannot
review the merits of procedurally defaulted claims unless the
petitioner demonstrates either cause for the procedural default
and actual prejudice resulting therefrom, or that a fundamental
miscarriage of justice will result if the court does not review
the claims. <u>McCandless v. Vaughn</u>, 172 F.3d 255, 260 (3d Cir.
1999); <u>Coleman</u>, 501 U.S. at 750-51 (1999); <u>Caswell v. Ryan</u>, 953
F.2d 853, 861-62 (3d Cir. 1992).

## IV. DISCUSSION

### A. Claims One and Two

Petitioner's first two claims are premised on the following
language contained in his 1993 sentencing order:[2]

---

[2]Petitioner was also sentenced to four years at Level 5 for
his Robbery in the First Degree conviction.

7

> Effective September 15, 1993, the Defendant is placed in the
> custody of the Department of Correction at supervision Level
> 5 for a period of 6 years.  If the Defendant is presently
> serving another sentence, that sentence shall be suspended
> until completion of this sentence.

(D.I. 22, State v. Fisher, Cr. A. No. IN93040452, Sentencing

Order (Del. Super. Ct. Sept. 15, 1993).)  Petitioner argues

that:[3] (1) his 1993 Delaware sentence order required his Delaware

sentence to be served prior to his New Jersey sentence, thus, the

Delaware authorities violated the order by transferring him to

New Jersey;[4] and (2) his 1993 Delaware sentence order set

September 15, 1993 as the starting date for his Delaware

sentence, thus, by transferring him to New Jersey and suspending

the service of his Delaware sentence, the Delaware authorities

have illegally extended his Delaware sentence by seven years.

_____

[3]Petitioner also alleges that New Jersey sentencing
guidelines required his New Jersey sentence to run concurrently
with his Delaware sentence. (D.I. 9; D.I. 11.) As explained
infra at 9-10, the Court cannot review this claim because it
presents a state law issue that is not cognizable on federal
habeas review.  Further, this claim actually involves the
execution of his New Jersey sentence under New Jersey laws, thus,
the issue is not properly before the Court.  See Rule 2(e), Rules
Governing Section 2254 Cases in the United States District
Courts, 28 U.S.C. foll. § 2254.

[4]The sentence order's language reflects the requirement
contained in 11 Del. C. Ann. § 4216(a) regarding the service of
TIS and non-TIS sentences.  Pursuant to § 4216(a), if a TIS
sentence is imposed after the issuance of a non-TIS sentence, the
non-TIS sentence is suspended, and the inmate is required to
serve the TIS sentence in its entirety before serving the non-TIS
sentence.  Accordingly, Petitioner contends that his Delaware
sentence, issued under Delaware's TIS statutes, had to be served
prior to his non-TIS New Jersey sentence.

8

Petitioner requests that his sentence should either be deemed to have run concurrently with his New Jersey sentence or it should be credited with the time served in New Jersey. Claims One and Two present variations of the same substantive issue, therefore, the Court will review them together.

Petitioner presented this issue to the Delaware Superior Court when he requested state habeas corpus relief. The Superior Court denied the request, and Respondents correctly acknowledge that Petitioner exhausted state remedies by appealing this decision to the Delaware Supreme Court. (D.I. 19, at 2 n.2.).

It is well-settled that a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, Pulley v. Harris, 465 U.S. 37, 41 (1984); Riley v. Harris, 277 F.3d 261, 310 n.8 (3d Cir. 2001), and a federal habeas court cannot re-examine state court determinations on state law issues.[5] Estelle v. McGuire, 502 U.S. 62, 67-8 (1991);

_____

[5]The Delaware Supreme Court and the Superior Court have both acknowledged that the statutory requirement regarding the order of serving TIS and non-TIS sentences only governs Delaware sentences, not sentences imposed by other jurisdictions or sovereigns. Francis v. State, 860 A.2d 810 (Table), 2004 WL 1656971, at *1 n.5 (Del. Sept. 15, 2004); see also Fisher, ID No. 93002951DI, Letter Order, Graves, T. Henley (Del. Super. Ct. Dec. 9, 2002)(stating that "[t]he Delaware laws . . . [requiring] a truth in sentencing sentence be imposed before a non-truth in

Smith v. Phillips, 455 U.S. 209, 211 (1982); Mullaney v. Weber, 421 U.S. 684, 691 (1975).

In the instant situation, Claims One and Two clearly allege violations of state law that do not provide a basis for federal habeas relief.  See Estelle, 502 U.S. at 67-8;  Smith v. Phillips, 455 U.S. 209, 211 (1982); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975).  The Delaware Superior Court analyzed this identical issue in Petitioner's state habeas proceeding, holding that Delaware statutory law prohibited Petitioner's Delaware sentence from running concurrently with his New Jersey sentence. See Fisher, ID No. 93002951DI, Letter Order, Graves, T. Henley (Del. Super. Ct. Dec. 9, 2002)(stating that "[t]he Delaware laws . . . [requiring] a truth in sentencing sentence be imposed before a non-truth in sentencing sentence impact only on sentences that arise totally within the jurisdiction of the State of Delaware).  The Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's request for state habeas corpus relief, concluding that his appeal was meritless because the issues presented were controlled by settled Delaware law and because the Interstate Corrections Compact did not prohibit the transfer.  Fisher, 2003 WL 1747321, at *2.

Accordingly, the Court will dismiss Claims One and Two

---

sentencing sentence impact only on sentences that arise totally within the jurisdiction of the State of Delaware).

because they fail to present a basis for federal habeas relief.

**B.  Claim 3**

Petitioner also alleges that requiring him to serve his Delaware sentence at this point in time violates his Due Process rights and constitutes Double Jeopardy.  He appears to present two interrelated theories for this claim: (1) Delaware authorities essentially altered the starting date of his Delaware sentence by transferring him to New Jersey without providing him with an opportunity to be heard in violation of his right to Due Process; and (2) requiring him to serve his expired Delaware sentence constitutes Double Jeopardy.  (D.I. 11.)

The record reveals that Petitioner did not "fairly present" this claim to the Delaware state courts as a violation of federal or constitutional law.[6]  Consequently, he did not exhaust state remedies.  See Keller v. Larkins, 251 F.3d 408, 413-14 (3d Cir. 2001)(holding that petitioner had failed to "fairly present" a federal constitutional claim to the state courts where he relied upon state law in arguing that the trial court had violated state

---

[6]Petitioner presented his claims to the Delaware state courts as violations of state sentencing statutes and state judicial opinions; he never mentioned the Unites States Constitution or federal laws, nor did he assert his claims "in terms so particular as to call to mind a specific right guaranteed by the Constitution."  Evans v. Court of Common Pleas, Del. Cnty. Pa.,959 F.2d 1227, 1232 (3d Cir. 1992).  Thus, the Delaware courts "reasonably understood" that Petitioner only raised state law issues, and "understandably confined [their] analyses to the application of state law." Keller, 251 F.3d at 408 (citing Duncan v. Walker, 513 U.S. at 366).

rules of evidence).  Although it appears that Petitioner may
still present this argument to the Delaware Superior Court in a
Rule 35(a) motion to correct his sentence,[7] the Court will not
dismiss this claim without prejudice.  Rather, the Court will
deny the claim on its merits because it fails to raise a
colorable federal claim.  See Jones v. Morton, 195 F.3d 153, 156
n.3 (3d Cir. 1999)(discussing when a federal court can deny
federal habeas relief for an unexhausted claim under 28 U.S.C. §
2254(b)(2).); 28 U.S.C. § 2254(b)(2).

The Fifth Amendment, applicable to the States through the
Fourteenth amendment, protects against prosecution for the same
offense after an acquittal, prosecution for the same offense
after conviction, and multiple punishments for the same offense.
See North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled
on other grounds by Alabama v. Smith, 490 U.S. 794, 801-03

---

[7] A Rule 35(a) proceeding presupposes a valid conviction,
Brittingham v. State, 705 A.2d 577, 578 (Del. 1998), and may be
brought "at any time." Del. Super. Ct. Crim. R. 35(a).  Moreover,
"[r]elief under Rule 35(a) is available when the sentence imposed
. . . violates the Double Jeopardy Clause.'" Mills v. State, 865
A.2d 521 (table), 2005 WL 76948, at *1 (Del. Jan. 7, 2005).  In
the instant situation, Petitioner admits that he is not
challenging the validity of his state court conviction.  (D.I. 11
at 1.)  He also contends that requiring him to serve his 1993
sentence at this point in time violates the Double Jeopardy
Clause.  Because the Court cannot conclusively state that further
state review of this claim is "clearly foreclosed," the Court
finds that this claim is unexhausted. See Jones v. Morton, 195
F.3d 153, 156 n.2 (3d Cir. 1999)(finding that petitioner's claims
were unexhausted because "it cannot be said that state post-
conviction review on the merits of his claims is now 'clearly
foreclosed'".)

(1989).  However, there is no constitutional right to concurrent sentences, nor is there a constitutional right regarding which sentence should be served first.  See Piercy v. Black, 801 F.2d 1075, 1078-79 (8th Cir. 1986)(rejecting full faith and credit clause argument because "one state cannot control the manner in which another state administers its criminal justice system."); cf. U.S. v. Dovalina, 711 F.2d 737, 739 & n. 1 (5th Cir. 1983)(holding that the Constitution does not create a right to have state and federal sentences run concurrently).  When two separate sovereigns or jurisdictions issue sentences for the same defendant, the order in which the sentences are to be served is a matter of comity between the jurisdictions.[8]  Ponzi v. Fessenden, 258 U.S. 254, 260-61 (1922); Hernandez v. U.S. Atty. Gen., 689 F.2d 915, 919 (10th Cir. 1982).

Further, at least with respect to capital sentences, the United States Supreme Court has held that "the order designating the day of execution is, strictly speaking, no part of the judgment, unless made so by statute."  Holden v. Minnesota, 137 U.S. 483, 495 (1890).  Other courts have extended this rule to non-capital sentences, finding that "the naming of a date when the sentence shall be executed, or the period of imprisonment

---

[8]"Comity is a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass on the matter."  Parisi v. Davidson, 405 U.S. 34, 51 (1972)(internal citations omitted).

begin, is not part of the sentence proper, and therefore such
date may be changed after the term expires." <u>Bernstein v. U.S.</u>,
254 F. 967, 968 (4th Cir. 1918)(collecting cases); <u>see</u> <u>also</u>
<u>Sengstack v. Hill</u>, 16 F. Supp. 61, 62 (M.D. Pa. 1936) (an order's
statement regarding the time or place of executing a sentence is
a ministerial act).

        In the instant case, when Petitioner committed his 1993
crimes, Petitioner was serving the parole portion of a previously
imposed New Jersey sentence.  As such, by committing the crimes
in Delaware, Petitioner violated the laws of two sovereigns:
Delaware and New Jersey.  Petitioner pled guilty to committing
the offenses in the Delaware Superior Court, and the Superior
Court sentenced him.  After his Delaware sentencing, New Jersey
authorities requested that Petitioner be returned to New Jersey
to determine if the new crimes violated his New Jersey parole.
Upon determining that Petitioner had violated his parole,
Petitioner remained in New Jersey's custody until he finished his
New Jersey parole violation sentence.

        Pursuant to well-settled Delaware law, when there is a
conflict between the quantum of the sentence, as expressed in
years, months, and days, and the dates specified in the sentence
order, the quantum of the sentence controls the length of the
imposed sentence.  <u>Frye v. State</u>, 236 A.2d 424, 425 (Del. 1967).
As such, even though Petitioner's Delaware sentencing order

                                    14

identifies September 15, 1993 as the starting date for custody, the controlling factor here is whether Petitioner actually served his ten year Delaware sentence.  Id.  Given that Delaware law prohibits concurrent criminal sentences,  11 Del. C. Ann. § 3901(d), and Petitioner was incarcerated by New Jersey[9] from September 30, 1993 until October 31, 2000, Petitioner could not begin serving his Delaware sentence until he finished serving his New Jersey sentence.[10]  See, e.g., Malloy v. State, 852 A.2d 908 (Table), 2004 WL 1535803, **1 (Del. 2004).

Upon his transfer to Delaware, Petitioner had, in fact, only satisfied one of the two state sentences to which he was sentenced.  Requiring Petitioner to serve his unexpired Delaware sentence at this point in time does not violate Due Process or constitute Double Jeopardy because he is not suffering multiple or increased punishment for the same offense.  See North Carolina v. Pearce, 395 U.S. at 717.

Accordingly, the Court will dismiss this claim as meritless.

---

[9]Although Petitioner contends that New Jersey transferred him to Connecticut, he does not dispute that he was still serving his New Jersey sentence.

[10]Even though Petitioner was serving the parole portion of his 40-45 New Jersey, it still constitutes service of the New Jersey sentence.  See Anderson v. Corall, 263 U.S. 193, 196 (1923)("While [parole] is an amelioration of punishment, it is in legal effect imprisonment); U.S. ex rel. Binion v. O'Brien, 273 F.2d 495, 498 (3d Cir. 1960).

## C.  Claim Four

Petitioner's final claim alleges that his transfer to New Jersey violated the Interstate Corrections Compact because he did not commit a parole violation and because he had not yet served his Delaware sentence.[11]  (D.I. 24 at 3-4.)

The Interstate Corrections Compact is an agreement between states, enacted by statute in each participating state, that authorizes the transfer of one State's prisoner to another State's prison.  See Olim v. Wakinekona, 461 U.S. 238, 246 (1983); Ghana v. Pearce, 159 F.3d 1206, 1208 (9th Cir. 1998).  "The purpose of [the] compact is to provide for the mutual development and execution of such programs of cooperation for the confinement, treatment and rehabilitation of offenders with the most economical use of human and material resources."  11 Del. C. Ann. § 6571 Art. I (2001).

The question here is whether the ICC constitutes a "law of the United States" as contemplated by 28 U.S.C. § 2254(a).  An interstate compact only constitutes federal law if: (1) it falls within the scope of the Constitution's Compact Clause; (2) it

_____

[11]Petitioner also argues that the Delaware prosecutor had "reached an agreement with N.J. that Petitioner would be returned to N.J. when Petitioner was Finished with the State of Delaware. Petitioner was not Finished with the Sate of Delaware when he was returned to N.J. in September, 1993."  (D.I. 11 at 8.)(emphasis in original).  The record refutes this claim.  When read in context, the prosecutor's statement clearly means that Petitioner was to be returned to New Jersey after his criminal proceeding in Delaware was over, not after he served his Delaware sentence.

16

receives congressional consent; and (3) its subject matter is
appropriate for congressional legislation.[12] <u>Cuyler v. Adams</u>,
449 U.S. 433, 439-40 (1981).  In contrast, however, if an
interstate compact has not been approved by Congress pursuant to
the Constitution's Compact Clause, or if such approval is not
necessary for the compact's legitimacy,[13] then the compact must
be construed as state law.  <u>McComb v. Wambaugh</u>, 934 F.2d 474, 479
(3d Cir. 1991).

The ICC has not been approved by Congress pursuant to the
Compact Clause, nor is the ICC's subject matter appropriate for
federal legislation.  <u>Ghana v. Pearce</u>, 159 F.3d 1206, 1208 (9th
Cir. 1998); <u>Halpin v. Simmons</u>, 33 Fed. Appx. 961, 963-64 (10th
Cir. 2002); <u>Stewart v. McManus</u>, 924 F.2d 138, 142 (8th Cir.
1991).  Accordingly, a violation of the ICC must be construed as
a violation of state law.  The Court will therefore dismiss

_____

[12]For example, the United States Supreme Court has
specifically held that the Interstate Agreement on Detainers
("IAD") constitutes federal law because Congress "gave its
consent in advance by enacting the Crime Control Consent Act of
1934," and the IAD's subject matter is an appropriate subject for
congressional legislation.  <u>Id.</u>; <u>Carchman v. Nash</u>, 473 U.S. 716,
719 (1985).  Consequently, a violation of the IAD presents a
claim cognizable on federal habeas review.  <u>McCandless v. Vaughn</u>,
172 F.3d 255, 263 (3d Cir. 1999)(discussing the difference
between the fact that a violation of the IAD presents a
cognizable claim on federal habeas review and whether the claim
warrants federal habeas relief).

[13]Congressional approval of a compact is only required under
the Compact Clause if the compact enhances the power of the
states and encroaches upon federal supremacy.  <u>See U.S. Steel
Corp. v. Multistate Tax Comm'n</u>, 434 U.S. 452, 459-72 (1978).

17

Petitioner's ICC claim because it does not present a proper basis

for federal habeas relief.[14]

> **D.  Motion For Reconsideration Of The Court's Prior Orders
> Denying Petitioner's Motion To Expand The Record And
> His Motion For Appointment Of Counsel**

On February 7, 2005, the Court denied Petitioner's Motion to

Expand the Record to include "any and all documents,

correspondence, etc., between the states of Delaware and New

---

[14]Alternatively, even if a violation of the ICC is cognizable
on federal habeas review, Petitioner's argument is meritless.
After an interstate transfer occurs pursuant to the ICC, the
sending state remains the custodian of the inmate, and the
receiving state acts as an agent of the sending state.  11 Del.
C. Ann. 6571, Art. IV(c); N.J.S.A. 30:7C-5(c); see e.g., Robinson
v. Atkinson, 2004 WL 1791829, at *4 (S.D.N.Y. Aug. 5, 2004).  In
the instant situation, New Jersey sent Petitioner to Delaware in
1993 to serve the work release portion of his New Jersey parole.
Because this transfer was made pursuant to the ICC, New Jersey
always maintained jurisdiction to re-take custody of Petitioner
at any time.
    Further, the ICC explicitly permits a receiving state to
return an inmate to the sending state, even if the inmate is the
subject of a pending criminal proceeding in the receiving state,
provided that the receiving state consents to the return.  The
ICC states, in relevant part:
    [I]f at the time the sending state seeks to remove an inmate
    from an institution in the receiving state there is pending
    against the inmate within such state any criminal charge or
    if the inmate is formally accused of having committed within
    such state a criminal offense, the inmate shall not be
    returned without the consent of the receiving state until
    discharge from prosecution or other form of proceeding,
    imprisonment or detention for such offense.
11 Del. C. Ann. Art. § 6571 V(a); N.J.S.A. 30:7C-6(a).
    Here, the Delaware Commissioner of the Department of
Corrections elected to return Petitioner to New Jersey upon the
request of the New Jersey officials.  (D.I. 22, Fisher v. State,
No. 15, 2003, Motion to Affirm, Feb. 28, 2003, at ¶ 3).  Because
the transfer was consensual, it did not violate the ICC.

Jersey (N.J.)" regarding his initial transfer from Delaware to
New Jersey in 1993, as well as all documents regarding his
transfer back to Delaware in 2000.  (D.I. 26.)  The Court also
denied Petitioner's Motion for the Appointment of Counsel.  (D.I.
27.)  Petitioner now asks the Court to reconsider these denials,
reiterating his belief as to why the documents regarding his
transfer to and from New Jersey are vital to his habeas
proceeding.  (D.I. 29.)

The Court has determined that it must dismiss Petitioner's §
2254 Petition.  Accordingly, the Court will deny Petitioner's
Motion for Reconsideration as moot.  (D.I. 29.)

## V.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254
petition, the court must also decide whether to issue a
certificate of appealability.  See Third Circuit Local Appellate
Rule 22.2.  A certificate of appealability is appropriate when a
petitioner makes a "substantial showing of the denial of a
constitutional right" by demonstrating "that reasonable jurists
would find the district court's assessment of the constitutional
claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v.
McDaniel, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that
Petitioner's claims do not warrant federal habeas relief.
Reasonable jurists would not find these conclusions to be

19

unreasonable.  Consequently, the Court declines to issue a
certificate of appealability.

**VI.   CONCLUSION**

     For the foregoing reasons, Petitioner's request for habeas
relief filed pursuant to 28 U.S.C. § 2254 will be denied.

     An appropriate Order will be entered.